Hon. Paul W. Elkan County Attorney, Otsego County
This is in response to your letter of November 29, 1977, wherein you ask for an interpretation of new sections 180 (2) and 180 (2) (a) of the Agriculture and Markets Law (Chapter 874 of the Laws of 1977) which read in part as follows:
 "2. No city may institute a weights and measures program. Provided, that any city which maintained a weights and measures program on January first, nineteen hundred seventy-six may continue such program under a city director of weights and measures.
 "a. Any such city may contract with the legislature of the county in which it is located for the county director of weights and measures to perform the duties of and have the same powers within which such city as the city director. During the period such contract is in force and effect, the office of city director of weights and measures shall be abolished."
Specifically, you ask whether said language permits the city to discontinue its program of weights and measures, and if the city does so choose, is the county obliged to provide weights and measures services for such city?
Article IX, section 2 (c) of the New York State Constitution authorizes every local government to adopt and amend local laws which are not inconsistent with the provisions of the State Constitution or any general law relating to various enumerated subjects, including the mode of selection and removal of officers and employees. The power of local governments to adopt and amend local laws is implemented by Municipal Home Rule Law, section 10.
Previously, both a county and a city were required by statute to have a sealer of weights and measures (Agriculture and Markets Law, §§ 182-183). Chapter 874 of the Laws of 1977 repeals these provisions and requires only that a county shall have a director of weights and measures.
We find nothing inconsistent with the provisions of new sections 180 (2) and 180 (2)(a) of the Agriculture and Markets Law. The authority for a city to continue a weights and measures program is permissive and we see no reason to prohibit a city, under section 10 of the Municipal Home Rule Law, from discontinuing such a program if it so chooses.
Under sections 180 (2) and 180 (2)(a), any city which had a program of weights and measures before January 1, 1976, may continue such program or contract with the legislature of the county in which it is located for the county director of weights and measures to perform the duties of and have the same powers within such city as the city director. In the latter instance, the office of city director of weights and measures shall be abolished during the period that such contract is enforced. These options are permissive and do not require the city to choose either or both.
New sections 180 (1) and 181 (1) of the Agriculture and Markets Law provide that there shall be a municipal director of weights and measures in each county who shall administer, supervise and enforce within his municipality the provisions of this article (Article 16 of the Agriculture and Markets Law) and the rules and regulations adopted pursuant thereto. The municipality within which the municipal director of weights and measures would have jurisdiction would include a city located within the county. Thus, the county would be obliged to provide weights and measures services for a city which does not have its own program. This would include a city which has discontinued such a program.
From all of the foregoing, we conclude that under new section180 of the Agriculture and Markets Law, a city may discontinue its program of weights and measures and in such an instance, the county would be obliged to provide such services for the city.
It should be noted that Chapter 874 of the Laws of 1977 does not take effect until one hundred and eighty days after it was signed into law which occurred on August 11, 1977. Accordingly, the views expressed here do not reflect the law as of the date of this response, but rather express an interpretation of the statute when it becomes effective.